P. M. MANUFACTURING COMPANY vs. TRUSTEES OF WILLIAM SKINNER & SONS. November 29, 1963. Exceptions overruled. This is an action of contract to recover damages for an alleged failure to make deliveries of cloth, in accordance with a certain schedule. The defendants filed a declaration in set-off which stated that the Supreme Court of the State of New York had rendered a judgment for the defendants in the sum of $11,047.52 in connection with the transaction set forth in the plaintiff's declaration. The defendants filed a "Motion for Judgment on Undisputed Facts" accompanied by two affidavits. The plaintiff did not file a counteraffidavit. The trial judge allowed the motion and the case is here on the plaintiff's exceptions to the allowance of the motion. The plaintiff's action is based on a "purchase order" dated April 23, 1958. The defendants' New York judgment is based on a superseding "finished goods contract," dated April 25, 1958, covering the same subject matter as the "purchase order," but which contained a clause providing for arbitration in the event of a controversy. A controversy arose between the parties and the defendants requested arbitration. Although the plaintiff objected to the arbitration, it appeared and participated therein. The arbitrators awarded the defendants $10,986.41; pursuant to the New York Civil Practice Act, § 1461, the defendants filed a petition in the Supreme Court of New York for an order confirming the arbitrators' award and directing judgment to be en-

tered thereon. Subsequently a judgment was so entered. The judgment of the Supreme Court of the State of New York is res judicata and is entitled to full faith and credit. *Maxwell Shapiro Woolen Co. Inc.* v. *Amerotron Corp.* 339 Mass. 252, 258–261. We are unable to discover any sound basis for the plaintiff's exceptions. Double costs are to be assessed under G. L. c. 211, § 10.

*Harry Zarrow* for the plaintiff.

*Louis F. Oldershaw* (*Gerald D. McLellan* with him) for the defendants.